UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-CR-464-RDP-GMB-1 |
| **JOSE GUADALUPE MARTINEZ,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

Before the court is Jose Guadalupe Martinez's "Motion for Departure" pursuant to *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994) and 18 U.S.C. § 3553(b). (Doc. # 202). Because Defendant is proceeding *pro se*, the court construes his filings liberally. After careful review, however, the court concludes that the Motion is due to be denied.

### I.    Background

On April 9, 2018, Defendant entered a guilty plea to seven counts relating to multiple transactions of methamphetamine and heroin possession/distribution. (Doc. # 73 at 3). Defendant is currently incarcerated at Federal Correctional Complex – Coleman in Coleman, Florida ("Coleman"), with a projected release date of May 24, 2023. (Doc. # 202-1). On September 1, 2022, Defendant filed the current motion.

### II.   Discussion

Defendant seeks a reduction in sentence due in part to the "bizarre, difficult, and very tortuous" conditions at Coleman and in part to his status as a deportable alien. (Doc. # 202 at 2-3). Coleman's alleged constitutional violations cannot form the basis for a sentence reduction because Defendant knowingly waived his right to assert a § 2255 motion. (Doc. # 73 at 15). Thus, the court focuses on Defendant's request for a downward departure under *Smith*. Specifically, Defendant

requests a departure of "up to six months" to commence immigration proceedings. (Doc. # 202 at 7). Because § 3553(b) concerns the *imposition* of a sentence, the court also analyzes Defendant's claim under § 3582(c), which applies to the *modification* of a sentence.

Section 3553 lays out a number of factors to be considered by a district court when imposing a sentence. 18 U.S.C. § 3553. Generally, however, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). The Supreme Court has held that "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010).

Here, Defendant relies on the *Smith* court's interpretation of § 3553(b) to support a departure. Specifically, he argues that his sentence should be reduced because, as a deportable alien, (a) he faces the prospect of more severe prison conditions; (b) he has been denied participation in Evidence Based Recidivism Programs ("EBRP") under the First Step Act ("FSA"); and (c) he is not able to earn Time Credit under the FSA. (Doc. # 202 at 4). In *Smith*, the D.C. Circuit held that a sentencing court may depart below the range recommended by the Sentencing Guidelines "where the defendant, solely because he is a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise." *Smith*, 27 F.3d at 650. In relevant part, that court found that Smith's ineligibility for the benefits of § 3624(c)[1] due to his status as a deportable alien was an "aggravating or mitigating circumstance" permitting the district court to depart from the Sentencing Guidelines. *Smith*, 27 F.3d at 651. The case before the court, however, is not analogous to *Smith*.

---

[1] 18 U.S.C. § 3624(c) directs the Bureau of Prisons to assure that prisoners spend part of the last 10% of their sentences under conditions -- possibly including home confinement -- that will "afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community." *Smith*, 27 F.3d at 651 (quoting 18 U.S.C. § 3624(c)).

While Defendant is a deportable alien who, like Smith, is ineligible for the benefits of § 3624(c), he is not entitled to a downward departure. *Smith* involved a sentencing court considering certain factors at the time of sentencing. But, the present case concerns a sentence already imposed. *See United States v. Munoz-Rodriguez*, 18-CR-110-DMS-01, 2021 WL 5761483 at *2 (S.D. Cal. Dec. 3, 2021) (citing *Smith*, 27 F.3d at 650). As the court in *Munoz-Rodriguez* explained, once a court has sentenced a defendant, "it has limited authority to modify that sentence." *Id*. (citing *Dillon*, 560 U.S. at 824).

Indeed, only "a prisoner who has exhausted his administrative remedies may file a motion in the district court to reduce his sentence." *United States v. Saldana*, 1:95-cr-00605-PAS-1, 2022 WL 3971888 at *2 (11th Cir. September 1, 2022) (citing 18 U.S.C. § 3582(c)(1)(a)). Defendant has not demonstrated that he has exhausted his administrative remedies. In his Motion, Defendant describes several unsuccessful attempts to enroll through the BOP in FSA programs that might have reduced the time he is required to serve. Still, to bring a motion for a modification of sentence under § 3582(1)(a), Defendant must first exhaust all administrative remedies in an effort to get the BOP to bring a motion on his behalf to reduce his term of imprisonment. Until he has done so, or until the BOP files such a motion, the court cannot modify his sentence.

### III. CONCLUSION

For the foregoing reasons, Defendant's sentence is not due to be reduced. An order consistent with this memorandum opinion will be entered concurrently.

**DONE** and **ORDERED** this September 22, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE